# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DOUGERA ILLARION,**
**DOC # M06489,**

    **Plaintiff,**

vs.                                                                         Case No. 4:20cv563-MW-MAF

**RODOLPHE LAFONTANT, et al.,**

    **Defendants.**

_____/

## THIRD REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Because Plaintiff's motion was insufficient as filed, he was directed to file an amended motion or pay the filing fee. ECF No. 4. When Plaintiff failed to comply by the deadline provided, a Report and Recommendation was entered on January 20, 2021, to dismiss this case. ECF No. 5. However, Plaintiff belatedly complied, ECF Nos. 6-9, and the Report and Recommendation was vacated. ECF No. 10. Plaintiff was "cautioned that in the future, he must timely comply with court orders." *Id.* at 2.

Thereafter, Plaintiff was granted leave to proceed in forma pauperis. ECF No. 11. When Plaintiff failed to submit payment of the assessed initial partial filing fee ($55.00) by the February 23, 2021, deadline, a second Report and Recommendation, ECF No. 12, was entered. Plaintiff then filed an objection, ECF No. 13, complaining that certain matters were out of his control and requesting additional time. The Second Report and Recommendation, ECF No. 12, was rejected, Plaintiff was given until **April 21, 2021**, to pay the partial filing fee, and the case was remanded for further proceedings. ECF No. 14.

Once again, another Order was entered which advised Plaintiff that if he did not comply, another recommendation would be made to dismiss this case. ECF No. 15. Plaintiff was also reminded that if he had insufficient funds with which to pay the assessed initial partial filing fee, he could "submit a *current* Trust Fund Account Statement demonstrating how funds have been depleted over the past four months, along with a motion requesting permission to proceed without payment of the assessed fee." *Id.* at 2-3. As of this date, Plaintiff has neither paid the fee, timely requested more time to comply, nor filed a motion demonstrating his

inability to do so. As Plaintiff has done twice before, he has simply allowed another Court deadline to pass without action.

Plaintiff has had since late January 2021 to arrange for payment of the partial filing fee. Further time should not be provided. This case should be dismissed and Plaintiff required to file a new case if and when he is willing to comply with Court Orders and meet the deadlines required by federal litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Because Plaintiff has not

complied with numerous Court Orders and has failed to prosecute this case, dismissal is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on April 28, 2021.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv563-MW-MAF